## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS BARNDT,** | : | **CIVIL NO. 3:09-CV-1790** |
| | : | |
| **Plaintiff,** | : | **(Judge Caldwell)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants,** | : | |

## REPORT AND RECOMMENDATION

### I.      Statement of Facts and of the Case.

This is a *pro se* civil rights action brought by Thomas Barndt, a state inmate who is currently confined at the State Correctional Institution (SCI) Graterford, and was previously housed at SCI Dallas. (Doc. 47.) Brandt has filed a complaint, which he amended on June 21, 2010, naming some sixteen correctional and prison medical staff as Defendants. (Id.)

In his amended complaint, Barndt alleges that he suffers from a host of maladies including Hepatitis C, an enlarged prostate and a hernia. Barndt then claims that the various Defendants' "deliberate indifference to plaintiff's serious medical needs violated plaintiff's rights, and constituted cruel and unusual punishment under the 8th and 14th amendments of the U.S. Constitution and plaintiff is entitled to relief." (Id.) Specifically, according to Barndt, "[t]he PA DOC has refused to give Plaintiff

Interferon and riberin Treatment for his 14 to 25 yr. old HEPATITUS [sic] C VIRUS since 1991 BY MAKING EXCUSES THAT HAVE NO VALIDITY.  HEPATITUS [sic] C causes damage to Plaintiff's Liver and daily fatigue which makes Plaintiff sleep all night and most of morning.[The defendants] know[] about my serious needs and ha[ve] failed to respond reasonably to it. HEPATITUS [sic]C affects Plaintiff's daily activities because of the fatigue. Plaintiff has lost muscle mass and his gallbladder because of the Hepatitus [sic] C virus. A reasonable doctor or patient would consider Hepatitus [sic] C very worhty [sic] worthy of treatment." (Id.)(capitalization in original.) In particular, with respect to Dr. Bohinski, Barndt alleges that this Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment, by displaying deliberate indifference to his serious medical needs.

In addition to this complaint, Barndt has filed a motion for preliminary injunction. (Doc. 14.) In this motion, Barndt seeks far-ranging injunctive relief at the outset of this litigation, in the form of an order directing the Department of Corrections to provide Brandt with specific "treatment for Hepatitus [sic] C Virus, an Inguinal hernia Operation, a Prostate operation and/or to Shrink prostate, treatment for Inflammation of Prostate, and test to determine if ulcers are Present and treat the burning in Groin and Left Buttocks and $1,000,000 in damages." ( Doc. 14.) The Defendants have opposed this request for wide-ranging injunctive relief, arguing that

Barndt has not made the demanding showing justifying this relief, and asserting that granting this relief at the early stages of this litigation would run contrary to the public's interest. This matter has been filly briefed by the parties (Docs. 14, 15, 59, 64, 66, 68, 69, 70) and is now ripe for resolution. For the reasons set forth below, it is recommended that the Plaintiff's motion for preliminary injunction be denied.

## II.    Discussion

### A.    Preliminary Injunction Rule 65– The Legal Standard.

Inmate *Pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) ( quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir.2001); Emile v. SCI-Pittsburgh, No.

04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982)(affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir.1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry his burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

In addition, with respect to the second benchmark standard for a preliminary injunction, whether the movant will be irreparably injured by denial of the relief, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied,* 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102 (1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury

cannot merely be possible, speculative or remote." <u>Dice v. Clinicorp, Inc.,</u> 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." <u>Acireno,</u> 40 F.3d at 655 (citation omitted).

<u>Messner,</u> 2009 WL 1406986, at *4 .

Furthermore, in assessing a motion for preliminary injunction, the court must also consider the possible harm to other interested parties if the relief is granted. <u>Kershner,</u> 670 F.2d at 443. In addition, a request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration. <u>Goff v. Harper,</u> 60 F.3d 518, 520 (8th Cir. 1995). Finally, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest. <u>Emile,</u> 2006 WL 2773261, at * 6 (citing <u>Dominion Video Satellite, Inc. v. Echostar Corp.,</u> 269 F.3d 1149, 1154 (10th Cir.2001)).

In the past, inmates have frequently sought preliminary injunctive relief compelling prison officials to take certain actions with respect to them during the pendency of a lawsuit. Yet, such requests, while often made, are rarely embraced by the courts. Instead, applying Rule 65's exacting standards courts have frequently held that prisoner-plaintiffs have not shown that they are entitled to use a motion for preliminary injunction as a vehicle to compel prison officials to provide them with some specific relief and services pending completion of their lawsuits. <u>See, e.g.,</u>

Messner v. Bunner, No. 07-112E, 2009 WL 1406986 (W.D.Pa. May 19, 2009)(denying inmate preliminary injunction); Brown v. Sobina, No. 08-128E, 2008 WL 4500482 (W.D.Pa. Oct. 7, 2008)(denying inmate preliminary injunction); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa.. Sept. 24, 2006) (denying inmate preliminary injunction).

In particular, courts have been reluctant to accept inmate invitations to use preliminary injunctions as a means to judicially prescribe specific medical courses of treatment for inmates. In such instances, courts have typically declined such requests citing the inmate's failure to either demonstrate irreparable harm; Rivera v. Pennsylvania Dep't. Of Corrections, 346 F.App'x 749 (3d Cir. 2009), Rush v. Correctional Medical Services, Inc., 287 F.App'x 142 (3d Cir. 2008), or show a likelihood of success on the merits. Quinn v. Palakovich, 204 F.App'x 116 (3d Cir. 2006).

### B. Barndt has Not Shown That he Is Entitled to the Injunctive Relief He Seeks In His Motion

#### 1. Barndt has Not Shown A Likelihood of Success on The Merits

In this case our review of the Plaintiff's motion for preliminary injunction leads us to conclude that Barndt has not made the demanding showing required by Rule 65 for this extraordinary form of relief. At the outset, we find that Barndt has not yet met his threshold obligation of showing reasonable probability of success on the merits.

With respect to the issue of Barndt's ultimate likelihood of success on the merits of this case, we begin by observing that gravamen of Barndt's complaint is that prison officials have violated his rights under the Eighth Amendment to the United States Constitution by displaying "deliberate indifference" to this inmate's medical needs. Barndt faces an exacting burden in advancing this Eighth Amendment claim against prison officials in their individual capacities. To sustain such a claim, Barndt must plead facts which:

> [M]eet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation marks and citations omitted). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. "Deliberate indifference" is a subjective standard under Farmer-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

<u>Beers-Capitol v. Whetzel</u>,256 F.3d 120, 125 (3d Cir. 2001).

By including a subjective intent component in this Eighth Amendment benchmark, the courts have held that a mere generalized knowledge that prisons are dangerous places does not give rise to an Eighth Amendment claim. <u>See Jones v. Beard</u>, 145 F. App'x 743 (3d Cir. 2005)(finding no Eighth Amendment violation where inmate-plaintiff complained about cellmate who had a history of psychological problems, but where plaintiff failed to articulate a specific threat of harm during the weeks prior to an

attack.) In short, when "analyzing deliberate indifference, a court must determine whether the prison official 'acted or failed to act despite his knowledge of a substantial risk of serious harm.' <u>Farmer v. Brennan</u>, 511 U.S. 825, 841 (1994). A prisoner plaintiff must prove that the prison official 'knows of and disregards an excessive risk to inmate health or safety.' <u>Id</u> . at 837." <u>Garvey v. Martinez</u>, 08-2217, 2010 WL 569852, at *6 (M.D.Pa. Feb. 11, 2010).

These principles apply with particular force to Eighth Amendment claims premised upon inadequate medical care. In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976). To establish a violation of his constitutional right to adequate medical care in accordance with this standard, Barndt is required to allege facts that demonstrates (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk

of injury, <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," <u>White v. Napoleon</u>, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice standing alone is not a constitutional violation. <u>Estelle</u>, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." <u>Durmer</u>, 991 F.2d at 67 (citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. <u>Clark v. Doe</u>, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. <u>See e.g. Brown v. Borough of Chambersburg</u>, 903 F.2d 274, 278 (3d Cir.1990) ('[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')". <u>Gindraw v. Dendler</u>, 967 F.Supp. 833, 836 (E.D. Pa. 1997).

Applying this exacting standard, courts have frequently rejected Eighth Amendment claims that are based upon the level of professional care that an inmate

received; see, e.g., Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008); James v. Dep't of Corrections, 230 F. App'x 195 (3d. Cir. 2007); Gillespie v. Hogan, 182 F. App'x 103 (3d Cir. 2006); Bronson v. White, No. 05-2150, 2007 WL 3033865 (M.D. Pa. Oct. 15, 2007); Gindraw v. Dendler, 967 F.Supp. 833 (E.D. Pa. 1997), particularly where it can be shown that significant medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services. Instead, courts have defined the precise burden which an inmate must sustain in order to advance an Eighth Amendment claim against a healthcare professional premised on allegedly inadequate care, stating that:

> The district court [may] properly dis[miss an] Eighth Amendment claim, as it concerned [a care giver], because [the] allegations merely amounted to a disagreement over the proper course of his treatment and thus failed to allege a reckless disregard with respect to his . . . care. The standard for cruel and unusual punishment under the Eighth Amendment, established by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), and its progeny, has two prongs: 1) deliberate indifference by prison officials and 2) serious medical needs. "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.' " "Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation." . . . . [The inmate] alleged no undue delay in receiving treatment and, as the district court noted, the evidence he presented established that he received timely care . . . . Although [an inmate plaintiff] may have preferred a different course of treatment, [t]his preference alone cannot establish deliberate indifference as such second-guessing is not the province of the courts.

James, 230 F.App'x. at 197-198.(citations omitted).

Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. See Taylor v. Norris, 36 F. App'x 228, 229 (8th Cir. 2002); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1024-35 (7th Cir.1996); Sherrer v. Stephen, 50 F.3d 496, 497 (8th Cir.1994); Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir.1994). Therefore, where a dispute in essence entails nothing more than a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will fail as a constitutional claim under § 1983; see e.g., Gause v. Diguglielmo, 339 F.App'x 132 (3d Cir. 2009)(dispute over choice of medication does not rise to the level of an Eighth Amendment violation); Innis v. Wilson, 334 F.App'x 454 (3d Cir. 2009)(same); Rozzelle v. Rossi, 307 F.App'x 640 (3d Cir. 2008)(same); Whooten v. Bussanich, 248 F.App'x 324 (3d Cir. 2007)(same); Ascenzi v. Diaz, 247 F.App'x 390 (3d Cir. 2007)(same), since "the exercise by a doctor of his professional judgment is never deliberate indifference." Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997)(citations omitted). In short, in the context of the Eighth Amendment, any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional medical judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).

These principles apply with particular force to inmate claims premised on treatment of Hepatitis C and related ailments. It is a stark medical reality of life in our prisons that ailments like Hepatitis C, are chronic and endemic in certain components of the inmate population. This prison medical fact of life, in turn, inspires a legal truth: When considering Eighth Amendment claims, like those advanced by Barndt, based upon an alleged failure to treat an inmate's Hepatitis C we do not write upon a blank slate. Quite the contrary, numerous courts have considered the application of the Eighth Amendment in this specific legal-medical context.

Several guiding principles emerge from these cases. First, given the severity of its symptoms, and its potential for serious injuries to those afflicted by this disease, it is clear that Hepatitis C constitutes the type of "serious medical need" which triggers Eighth Amendment scrutiny in a corrections context. See, e.g., Henry v. Maue, No. 06-1439, 2008 WL 5188834, *3 (W.D. Pa, Dec. 10, 2008)(Hepatitis C constitutes a serious medical need); Henry v. Wilson, No. 06-1439, 131164, *4 (W.D. Pa. Jan. 9, 2008)(same); Christy v. Robinson, 216 F.Supp.2d 398, 413 (D.N.J. 2002)(same). Because Hepatitis C constitutes a serious medical need, a complaint which adequately alleges deliberate indifference by prisoner medical staff to an inmate's Hepatitis C cannot be summarily dismissed at the outset of a lawsuit. See, Henry v. Wilson, No. 06-1439, 131164 (W.D. Pa. Jan. 9, 2008) (denying Rule 12(b)(6) motion relating to

Eighth Amendment deliberate indifference claim concerning Hepatitis C treatment); Thomas v. Arias, No. 06-291, 2007 WL 210097 (E.D. Pa. Jan. 23, 2007)(same).Yet, while such claims cannot be routinely disposed of as a matter of law on a motion to dismiss, the principles which guide analysis of Eighth Amendment medical claims generally apply with equal force to inmate medical claims premised on prison medical treatment of Hepatitis C. Thus, where it is undisputed as a factual matter that prison medical staff have been providing forms of treatment to an inmate, and the inmate's complaint in essence entails nothing more than a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will ultimately fail as a constitutional claim under § 1983. See, e.g., Hodge v. U.S. Department of Justice, 2010 WL 1141387 (3d Cir. Aug. 2, 2010)(affirming summary judgment on inmate 8th Amendment claim relating to treatment of Hepatitis C); Palmer v. Carroll, 640 F.Supp 2d. 542 (D.Del. 2009)(summary judgment in favor of defendants on inmate 8th Amendment claim regarding Hepatitis C treatment); Moshier v. United States, No. 05-180, 2007 WL 1703536 (W.D. Pa. June 11, 2007)(same); Jordan v. Delaware, 433 F.Supp.2d. 433 (D.Del. 2006)(same);Christy v. Robinson, 216 F.Supp.2d 398, 413 (D.N.J. 2002)(same). In particular, when considering inmate Eighth Amendment claims brought by Pennsylvania state prisoners complaining about the Hepatitis C treatment afforded to them in prison, courts have often held in favor of defendants when the undisputed facts show that the inmates were treated in accordance with the

Department of Corrections' Hepatitis C treatment protocol, finding that compliance with this treatment protocol either rebuts any claim of deliberate indifference to serious medical needs; Henry v. Maue, No. 06-1439, 2008 WL 5188834 (W.D. Pa, Dec. 10, 2008); Lee v. Beard, No. 03-1026, 2008 WL 744736 (M.D.Pa. March 18, 2008), or concluding that prison officials who complied with this protocol were entitled to qualified immunity from damages. Josey v. Beard, No. 06-265, 2009 WL 1858250 (W.D.Pa. June 29, 2009).

These guiding principles, which determine the ultimate merits of inmate Eighth Amendment claims, also frequently define the availability of preliminary injunctive relief in such cases. State inmates in Pennsylvania have in the past often invited federal courts to entertain preliminary injunctions directing their jailers to provide them with specially tailored treatment protocols. Yet, these requests, while frequently made, have rarely been embraced by the courts. Rivera v. Pennsylvania Dep't. Of Corrections, 346 F.App'x 749 (3d Cir. 2009); Rush v. Correctional Medical Services, Inc., 287 F.App'x 142 (3d Cir. 2008); Quinn v. Palakovich, 204 F.App'x 116 (3d Cir. 2006).

In this case, much of Barndt's argument in his motion for preliminary injunction amounts to little more than a disagreement between an inmate and doctors over alternate treatment plans, which as a matter of law fails as a constitutional claim see,

e.g., Gause v. Diguglielmo, 339 F.App'x 132 (3d Cir. 2009)(dispute over choice of medication does not rise to the level of an Eighth Amendment violation); Innis v. Wilson, 334 F.App'x 454 (3d Cir. 2009)(same); Rozzelle v. Rossi, 307 F.App'x 640 (3d Cir. 2008)(same); Whooten v. Bussanich, 248 F.App'x 324 (3d Cir. 2007)(same); Ascenzi v. Diaz, 247 F.App'x 390 (3d Cir. 2007)(same), since "the exercise by a doctor of his professional judgment is never deliberate indifference." Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997)(citations omitted). Thus, much of Barndt's motion is devoted to disputes between surgical and non-surgical treatment options for hernia, prostate and other conditions, or disagreements concerning the choice of pain-relievers for chronic medical complaints. Such matters do not ultimately rise to the level of viable constitutional claims, see, e.g., Hodge v. U.S. Department of Justice, 2010 WL 1141387 (3d Cir. Aug. 2, 2010)(affirming summary judgment on inmate 8th Amendment claim relating to treatment of Hepatitis C); Palmer v. Carroll, 640 F.Supp 2d. 542 (D.Del. 2009)(summary judgment in favor of defendants on inmate 8th Amendment claim regarding Hepatitis C treatment); Moshier v. United States, No. 05-180, 2007 WL 1703536 (W.D. Pa. June 11, 2007)(same); Jordan v. Delaware, 433 F.Supp.2d. 433 (D.Del. 2006)(same);Christy v. Robinson, 216 F.Supp.2d 398, 413 (D.N.J. 2002)(same), and, therefore, Barndt has not shown a substantial likelihood of success on the merits of his claims warranting a preliminary injunction in this case.

## 2.     Barndt Has Not Shown Irreparable Harm

Furthermore, while we do not in any way diminish Barndt's complaints regarding a series of chronic health issues, we find–as many other courts have found when presented with similar complaints– that this inmate has not shown an immediate irreparable harm justifying a preliminary injunction. See e.g., Rivera v. Pennsylvania Dep't. Of Corrections, 346 F.App'x 749 (3d Cir. 2009); Rush v. Correctional Medical Services, Inc., 287 F.App'x 142 (3d Cir. 2008). In this regard, when considering the second benchmark standard for a preliminary injunction, whether the movant will be irreparably injured by denial of the relief, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102 (1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. *ECRI v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." *Acireno,* 40 F.3d at 655 (citation omitted).

Messner, 2009 WL 1406986, at *4 .

Therefore, where an inmate-plaintiff is alleging that damages may be an adequate remedy, a preliminary injunction is not appropriate since the inmate has not shown that he faces immediate, *irreparable* harm. Rivera v. Pennsylvania Dep't. Of Corrections, 346 F.App'x 749 (3d Cir. 2009); Rush v. Correctional Medical Services, Inc., 287 F.App'x 142 (3d Cir. 2008). Morever, applying these legal standards in a case such as this, where the inmate-"Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in his . . . Complaint, . . . [the] Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss, or at trial. As a result, Plaintiff's motion for preliminary injunction should be denied." Messner, 2009 WL 1406986, at *5.

In this case, as we view it, the gravamen of Brandt's claims on the merits are identical to the claims in his motion for preliminary injunction. Moreover that complaint, and motion, both assert that Barndt can be adequately compensated for any injury he has suffered through a damages award. Indeed, Barndt has precisely quantified the amount of the compensation, stating that he is entitled to $1,000,000 in damages. Since the ultimate issues in this lawsuit are factually bound up with the assertions in this motion for preliminary injunction, and Barndt repeatedly asserts that he can be compensated for these injuries through a damages award, a ruling on this

motion might be perceived as speaking in some way to the ultimate issue in this case. In such instances we are cautioned to refrain from prematurely granting such relief where the evidence is still unclear and developing.

### 3. Other Interests Would Be Adversely Affected By Granting this Motion

Finally, we note that granting this preliminary injunction, which would effectively have the federal courts making *ad hoc*, and individual, decisions concerning the course of treatment for a single state prisoner, could harm both the Defendants' and the public's interest. In this prison context, the Defendants' interests and the public's interest in penological order could be adversely effected if the Court began dictating the treatment protocols and priorities for the Plaintiff, one inmate out of thousands treated in the state's prison system.

Moreover, granting a preliminary injunction to Barndt could have one other potentially grave and wholly unintended consequence for third parties. Any priority given to Barndt's care by judicial fiat would likely have to come at the expense of deferring or delaying care and treatment for some other ill inmate. This Court should refrain from making medical choices in a vacuum, medical choices which may affect access to health care for other prisoners who are not parties to this litigation.

Because Barndt has not carried his burden of proving either a reasonable probability of ultimate success on the merits, or immediate and irreparable harm, and

because granting the injunction could adversely effect the Defendants' and the public's interests, this request for a preliminary injunction should be denied.

### III.    **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of the motion for preliminary injunction/temporary restraining order, (Doc. 14) IT IS RECOMMENDED that the motion be DENIED. The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified   proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

So ordered this 7th day of September, 2010.

**_S/MARTIN C. CARLSON_**
Martin C. Carlson
United States Magistrate Judge
