IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS BARNDT, :
    Plaintiff :
     :
vs. : CIVIL NO. 3:CV-09-1790
     :
PA DEPT. CORRECTIONS, et al., :
    Defendants :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    The pro se plaintiff, Thomas Barndt, an inmate at SCI-Graterford, filed this 42 U.S.C. § 1983 action alleging an Eighth Amendment claim arising from the medical care he received while he was at SCI-Dallas. He alleges that proper medical care has been withheld for Hepatitis C, an enlarged prostate, and an inguinal hernia. He named as defendants the physician at Dallas he alleges had the ultimate decision-making authority on his care, Dr. Stanley Bohinski, and eleven other corrections defendants, for the most part non-medical personnel: the Pennsylvania Department of Corrections; Jeffrey A. Beard, the Department's Secretary; James T. Wynder, a Dallas Superintendent; Michael D. Klopotoskie, another Dallas Superintendent; Thomas Leskowsky, a registered nurse at Dallas; Cindy G. Watson, Sharon M. Burks, Kristen P. Reisinger, grievance officers at SCI-Camp Hill; Ed Kneiss, a deputy superintendent at Dallas; and J. Wilk and Phil Walters, Dallas guards.

    Plaintiff also named as defendants Dr. Jesse, a psychiatrist at Dallas; Cheryl Bunk, a physician's assistant at Dallas, Dr. Gulorkhi, a doctor at Dallas, and

Eugene Lucas, a psychologist at Dallas. These defendants have not been served with process nor has the legal sufficiency of the allegations against them been addressed.

We are considering Plaintiff's objections to the report (doc. 72) of Magistrate Judge Carlson, filed September 8, 2010. That report recommends that a motion (doc. 56) to dismiss Plaintiff's amended complaint, filed by defendants, the Department of Corrections and Thomas Leskowsky, be granted as to the moving defendants as well as for defendants Beard, Wynder, Klopotoskie, Watson, Bucks (Burks, according to the moving defendants), Reisinger, Kneiss, Walters and Wilk.[1]

The basis for recommending dismissal as against the Department was the bar of the Eleventh Amendment and that a State is not a person that can be sued under section 1983. (Doc. 72, report, CM/ECF pp. 17 and 18). In part, the basis for recommending dismissal as against Leskowsky, Beard, Wynder, Klopotoskie, Watson, Burks, and Reisinger is that these defendants are alleged only to have refused to have acted on Plaintiff's complaints about Dr. Bohinski's care by way of grievances or otherwise and "non-medical correctional staff will not be 'considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.'" (*Id.*, CM/ECF pp. 20-21)(quoting *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)).

The basis for recommending dismissal as against Kneiss, Walters, and Wilk was the conclusional nature of the allegations against them. It was recommended that Plaintiff be granted leave to file an amended complaint against these defendants.

Plaintiff has filed two separate sets of objections to the report. The first set seeks to keep Kneiss and Leskowsky in the case. In those objections, Plaintiff alleges

---

[1] Only the Department and Leskowsky have been served so far, and only they moved to dismiss, but the magistrate judge had authority to review the legal sufficiency of the allegations against the other defendants under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2

that Kneiss "is prejudiced against [him] . . . and told Dr. Bohinski not to do anything for Plaintiff –- no operations and no HCV treatment." (doc. 85, CM/ECF p. 1). Plaintiff alleges that Leskowsky "is a trained professional who knows the seriousness of Plaintiff's medical problems and has ignored those" . . . and that "Dr. Bohinski told Leskowsky to deny Plaintiff's requests." (*Id.*).

These allegations still fail to state a claim against Kneiss in light of the allegation that Dr. Bohinski had the final authority on Plaintiff's medical treatment. Conversely, we believe that Leskowsky should remain in the case. As Plaintiff points out, Leskowsky is a registered nurse, and the magistrate judge's recommendation for dismissal is based on case law dealing with non-medical prison personnel.

Plaintiff's second set of objections seeks to keep Wilk and Walters in the case. In those objections, Plaintiff alleges that on April 30, 2009, Wilk "pulled Plaintiff out of the blood work chair . . . and prevented Plaintiff from getting his blood taken and that prevented Plaintiff from getting his liver biopsy which prevented Plaintiff from receiving his hepatitis treatment." (Doc. 88, CM/ECF p. 1). Additionally, Wilk filed a false misconduct against Plaintiff which prevented him from getting hepatitis treatment. (*Id.*). As to Walters, he is alleged to be liable because he was Wilk's "accomplice."

These allegations fail to establish a claim against either Wilk or Walters. As noted, because Dr. Bohinski is alleged to be the final decision-maker on Plaintiff's medical care, that Wilk allegedly pulled Plaintiff from the "blood work chair" one time did not cause Plaintiff's failure to receive hepatitis treatment. As to the second allegation against Wilk, Plaintiff presents only a conclusional allegation that Wilk's filing of a false misconduct report prevented him from receiving hepatitis treatment. Since Walters is alleged only to be the accomplice, Plaintiff fails to state a claim against him as well.

Accordingly, this 11th day of January, 2011, upon consideration of the report of the magistrate judge (doc. 72), filed September 8, 2010, and the objections thereto (doc. 85 and 88), it is ordered that:

    1. The motion (doc. 56) to dismiss Plaintiff's amended complaint, filed by defendants the Department of Corrections and Thomas Leskowsky, is granted as to the Department an denied as to defendant Leskowsky.

    2. The Pennsylvania Department of Corrections is hereby dismissed from this action.

    3. Based on the magistrate judge's analysis, defendants Beard, Wynder, Klopotoskie, Watson, Bucks (Burks, according to the moving defendants), Reisinger, Kneiss, Walters and Wilk are dismissed from this action.

    4. This matter is remanded to the magistrate judge for further proceedings, including whether the case should proceed against the following unserved Dallas defendants: Dr. Jesse, a psychiatrist; Cheryl Bunk, a physician's assistant; Dr. Gulorkhi, a doctor; and Eugene Lucas, a psychologist.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge