# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| THOMAS BARNDT, | : | CIVIL NO. 3:09-CV-1790 |
| --- | --- | --- |
| Plaintiff, | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants, | : | |

## REPORT AND RECOMMENDATION

I. **Statement of Facts and of the Case.**

This is a *pro se* civil rights action brought by Thomas Barndt, a state inmate who is currently confined at the State Correctional Institution (SCI) Graterford, and was previously housed at SCI Dallas. (Doc. 47.) Brandt filed a complaint, which he amended on June 21, 2010, naming some sixteen correctional and prison medical staff as Defendants. (Id.)The thrust of Barndt's amended complaint related to medical treatment he has received in prison. In his amended complaint, Barndt alleges that he suffers from a host of maladies including Hepatitis C, an enlarged prostate and a hernia. Barndt then claims that the various Defendants' "deliberate indifference to plaintiff's serious medical needs violated plaintiff's rights, and constituted cruel and unusual punishment under the 8th and 14th amendments of the U.S. Constitution and

plaintiff is entitled to relief." (Id.) While the focus of his complaint was on medical issues, Barndt named 11 non-medical corrections Defendants in his amended complaint. These 11 Defendants included the Department of Corrections as well as two correctional officers, Officers Walters and Wilk. As to Officers Wilk and Walters, Barndt simply alleged that on unidentified dates these officers interfered in an unspecified ways with his access to health care.

On September 9, 2010, we submitted a report and recommendation which, in part, recommended that the Department of Corrections and correctional officers Wilk and Walters be dismissed from this case. (Doc. 72.) With respect to the Department of Corrections as a Defendant, we concluded that Barndt's complaint against the state Department of Corrections failed as a substantive matter because it ran afoul of basic constitutional and statutory rules limiting lawsuits against state agencies and officials. As a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . .", U. S. Const. amend XI. By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state and state agencies. In this case, with respect to Barndt's claims, Congress had not expressly abrogated the constitutional immunity of any of these state agencies and

officials with respect to federal lawsuits. Moreover, the Commonwealth clearly had not waived this immunity. Quite the contrary, the Commonwealth has specifically by statute invoked its Eleventh Amendment immunity in 42 Pa.C.S.A. §8521(b). Furthermore, as a matter of statutory interpretation, we found that Barndt could not rely upon § 1983 to bring a damages action against this state agency in its official capacity since it was well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. §1983. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989). Therefore, both as a matter of statutory interpretation, and by virtue of the immunity conferred upon the states by the Eleventh Amendment, Barndt was forbidden from maintaining this action against the state agency named in his complaint under § 1983. See, e.g., Quern v. Jordan, 440 U.S. 332, 342 (1979); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Benn v. First Judicial District of Pennsylvania, 426 F.3d 233 (3d Cir. 2005).

As for Defendants correctional officers Wilk and Walters, we concluded that Barndt's amended complaint violated the pleadings rules prescribed by the United States Supreme Court in Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009) in that it only contained "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." Id. at 1949. As to these Defendants Barndt simply alleged that on unidentified dates, in unspecified ways, they interfered with his medical treatment. Barndt did not assert sufficient facts to permit

us to determine whether the allegations in the complaint showed that the Plaintiff has a "plausible claim for relief." Fowler, 578 F.3d at 210-11. Without the inclusion some well-pleaded facts, these assertions were, in our view, inadequate to state a claim upon which relief can be granted. (Doc. 72.)

On January 11, 2011, the district court entered an opinion and order adopting this report and recommendation as to Defendants Wilk, Walters and Department of Corrections, and dismissed these Defendants from this action. (Doc. 92.) Barndt has now filed a motion to reconsider this order (Doc. 99) and an accompanying one-page brief. (Doc. 100.) In this motion and brief, Brandt simply asserts that "the PA DOC should not be dismissed from this suit because the PA Department of Corrections cannot have it both ways." (Doc. 100.) As for Defendants Wilk and Walters, Barndt's motion to reconsider merely re-asserts the allegations we previously found wanting, by alleging that on unidentified dates, in unspecified ways, they interfered with his medical treatment. (Doc. 100.)

For the reasons set forth below, it is recommended that Barndt's motion to reconsider be denied.

## II. Discussion

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors

of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, therefore, such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F. Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on an issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Judged against these standards Barndt's motion to reconsider fails since it cites no intervening change in controlling law, identifies no new evidence not previously available, and fails to identify any need to correct a clear error of law or prevent

manifest injustice. Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). Quite the contrary, it remains clear that the Court's initial rulings were correct. Thus, Brandt clearly cannot bring an action for damages against the Pennsylvania Department of Corrections under §1983. See, e.g., Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989); Quern v. Jordan, 440 U.S. 332, 342 (1979); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Benn v. First Judicial District of Pennsylvania, 426 F.3d 233 (3d Cir. 2005). Similarly, Barndt's claims against Defendants Wilk and Walters–which consist of nothing more than a vague assertion that they interfered with his medical care in some undefined way at some undescribed time–still do not meet the standards required to state a claim upon which relief can be granted. Those standards were recently defined by this Court in the following terms:

> For a § 1983 claim to survive a motion to dismiss, a plaintiff must allege that each and every defendant was personally involved in the purported wrongdoing. Evancho, 423 F.3d at 353. A defendant's personal involvement in a constitutional violation may be established via allegations of "personal direction," "actual knowledge and acquiescence," or "direct discrimination." Id.; see also Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir.1990). This court has described the specificity required of a plaintiff's allegations as follows:[A]llegations are sufficient to survive a motion to dismiss when they name the individuals responsible, the conduct, the time, and the place of the incident that deprived a plaintiff of his civil rights.

McCartney v. Pennsylvania State Police, No. 09-1817, 2010 WL 2196429, *4 (M.D.Pa. May 27, 2010).

Applying these constitutional benchmarks to this complaint, it is apparent that Barndt's amended complaint still fails to state a claim against Defendants Wilk and Walters upon which relief can be granted. Indeed, as to these Defendants the amended complaint continues to violate the pleadings rules prescribed by the United States Supreme Court in <u>Ashcroft v. Iqbal</u>, __U.S. __, 129 S.Ct. 1937 (2009) in that it only contains "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." <u>Id</u>. at 1949.

Since these Defendants were properly dismissed from this action, and Barndt's motion to reconsider the dismissal of these Defendants cites no intervening change in controlling law, identifies no new evidence not previously available, and fails to identify any need to correct a clear error of law or prevent manifest injustice, <u>see</u> <u>Dodge v. Susquehanna Univ.</u>, 796 F.Supp. 829, 830 (M.D. Pa. 1992), this motion to reconsider should be denied.

### III.     <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion to reconsider the dismissal of Defendants Department of Corrections, Walters and Wilk (Doc. 99) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28

U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: January 24, 2011.