IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BARNDT, | : | CIVIL NO. 3:09-CV-1790 |
| Plaintiff, | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

**I.   Statement of Facts and of the Case**

This is a *pro se* civil rights action brought by Thomas Barndt, a state inmate who was previously housed at SCI Dallas. (Doc. 47)  Barndt initially filed a complaint on September 16, 2009, (Doc. 1), which he amended on June 21, 2010, (Doc. 47), naming some sixteen correctional and prison medical staff as defendants. The thrust of Barndt's amended complaint relates to medical treatment he has received in prison.  In his amended complaint, Barndt alleges that he suffers from a host of maladies including Hepatitis C, an enlarged prostate and a hernia. Barndt then claims that the various defendants' "deliberate indifference to plaintiff's serious medical needs violated plaintiff's rights, and constituted cruel and unusual punishment under the 8th and 14th amendments of the U.S. Constitution and plaintiff

is entitled to relief." (Id.)  Specifically, according to Barndt, "[t]he PA DOC has refused to give Plaintiff Interferon and riberin Treatment for his 14 to 25 yr. old HEPATITUS [sic] C VIRUS since 1991 BY MAKING EXCUSES THAT HAVE NO VALIDITY.  HEPATITUS [sic] C causes damage to Plaintiff's Liver and daily fatigue which makes Plaintiff sleep all night and most of morning.[The defendants] know[] about my serious needs and ha[ve] failed to respond reasonably to it.  HEPATITUS [sic]C affects Plaintiff's daily activities because of the fatigue. Plaintiff has lost muscle mass and his gallbladder because of the Hepatitus [sic] C virus.  A reasonable doctor or patient would consider Hepatitus [sic] C very worhty [sic] worthy of treatment." (Id.)(capitalization in original.)  In particular, with respect to medical staff, Barndt alleges that health care providers violated his Eighth Amendment right to be free from cruel and unusual punishment, by displaying deliberate indifference to his serious medical needs.

Despite the fact that more than 700 days have elapsed since Barndt filed his initial complaint, and more than 430 days have passed since Barndt amended that complaint in June of 2010, Barndt has not yet made service upon four defendants named in these complaints:  Cheryl Banks, Dr. Jesse, Dr. Gulorkhi, and Eugene Lucas.  Therefore, at this juncture we must consider what action to take in light of this

longstanding failure to perfect service upon these defendants. For the reasons set forth below, we recommend that these defendants now be dismissed from this action.

## II. Discussion

### A. Dismissal of These Unserved Defendants For Failure to Prosecute Is Warranted Here

It is well settled that: "'The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Kenney v. California Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was

willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a litigant who is not amenable to any lesser sanction. See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action as to these unserved defendants. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the plaintiff who has persistently failed to serve these defendants or seek additional time in which to serve the defendants.

Similarly, the second Poulis factor–the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action. The plaintiff's repeated failures to make proper service as to these defendants has resulted in

protracted delays in this case as to the unserved defendants, which has remained pending but not properly served, for more than 700 days, a period far beyond the 120-day service deadline mandated by Rule 4(m) of the Federal Rules of Civil Procedure. These unjustified, and unexplained delays have wholly frustrated the unserved defendants' defense preparations in this case, and have unreasonably delayed the resolution of this action as to these unserved defendants. In such instances dismissal of the case clearly rests in the discretion of the trial judge. Indeed, such dismissal orders are frequently issued when a court is confronted by a litigant who persistently refuses to timely file and serve pleadings. <u>Tillio v. Mendelsohn</u>, 256 F. App'x 509 (3d Cir. 2007)(failure to timely serve pleadings compels dismissal); <u>Reshard v. Lankenau Hospital</u>, 256 F. App'x 506 (3d Cir. 2007)(failure to comply with discovery compels dismissal); <u>Azubuko v. Bell National Organization</u>, 243 F. App'x 728 (3d Cir. 2007)(failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third <u>Poulis</u> factor–the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action is now appropriate as to these unserved defendants, who have not yet been served after years of litigation. The fourth <u>Poulis</u> factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the plaintiff. At this juncture, when the plaintiff has failed to properly serve his complaint after more than 700 days, the Court is

compelled to conclude that the plaintiff's actions reflect a disregard for the claims against these particular defendants.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who may not be amenable to lesser sanctions, there may not be an effective alternative to dismissal as a sanction for failure to prosecute. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008); Emerson, 296 F.3d at 191.  Finally, under Poulis we must consider one other factor, the merits of the parties' claims.  In our view, consideration of this factor strongly  underscores that this action should be dismissed, since as a legal matter the Rule 4(m) of the Federal Rules of Civil Procedure also expressly calls for dismissal of these unserved defendants at this juncture. Dismissal of these unserved defendants would be mandated by Rule 4 of the Federal Rules of Civil Procedure, which describes the methods by which service can be made, and describes how a party must demonstrate proof of service on the record. See Fed. R. Civ. P. 4(a)-(l).  Rule 4 sets a 120 day time limit for service, and prescribes the sanction of dismissal for the failure to make proper and timely service. Fed. R.Civ. P. 4(m).  The language of Rule 4(m) is both clear and mandatory.  Thus, where there is an unjustified and unexcused failure to timely serve a complaint the court "must dismiss the action."  In a case such

as this, when the plaintiff fails to carry his burden of proof on the issue of proper and timely service, dismissal of the case is entirely appropriate.[1] See, e.g., Beckerman v. Susquehanna Township Police, 254 F. App'x 149, 154 (3d Cir. 2007); Foster v. Pennsylvania Human Relations Commission, 157 F. App'x 488, 490 (3d Cir. 2005).

These principles apply here and call for dismissal of these unserved defendants from this action for failure to prosecute and to make timely and proper service since more than 700 days have passed since Barndt first commenced this action, and more than 430 days have elapsed since Barndt filed his amended complaint, without Barndt accomplishing this necessary prerequisite to litigation–valid service upon these four named defendants.

---

[1] Rule 4(m) provides as follows:

**(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action . . . against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R.Civ. P. 4(m). While Rule 4(m) calls for notice to a plaintiff regarding the need to make service, we note that the district court effectively placed Barndt on notice of the need to perfect service 8 months ago when it instructed this Court to consider whether the case should be permitted to proceed against these unserved defendants. Despite this explicit warning, Barndt has not made service upon these four defendants in the intervening eight months, and now almost two years have elapsed since this action first began without service of process on these defendants.

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants Cheryl Banks, Dr. Jesse, Dr. Gulorkhi, and Eugene Lucas be dismissed from this action for failure to prosecute or properly serve these defendants.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of August, 2011.

              *S/Martin C. Carlson*
              Martin C. Carlson
              United States Magistrate Judge